IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM D. GARLAND                                          PLAINTIFF

          v.              Civil No. 05-5131

RANDALL DENZER and SGT. FOSTER                             DEFENDANTS


O R D E R

Now on this 9th day of January, 2007, come on for consideration two untitled motions filed by plaintiff. The first, document #36, asks for an extension of time to file a notice of appeal. The second, document #37, asks for relief from judgment pursuant to **F.R.C.P. 60(b)**.

1. The background of the pending motions is as follows:

* Plaintiff filed a **§1983** petition on July 27, 2005.

* After preliminary proceedings, defendants moved for summary judgment, and the Magistrate Judge entered an Order, dated March 20, 2006, directing plaintiff to complete a response questionnaire relating to that motion. A copy of this Order was mailed to the address plaintiff had furnished to the Court. The mailing was not returned as undeliverable, nor was the questionnaire returned.

* Based on plaintiff's lack of response, on June 1, 2006, the Magistrate Judge filed a Report And Recommendation ("R&R") in which she recommended that plaintiff's case be dismissed for failure to prosecute.

\*     There was no response to the R&R, and on June 21, 2006, this Court adopted the R&R and dismissed plaintiff's case.

\*     On October 23, 2006, the Magistrate Judge entered a Change Of Address for plaintiff, and directed the re-mailing of any pleadings or correspondence returned as undeliverable.

\*     On November 20, 2006, plaintiff filed a Notice Of Appeal.  He was notified by the Clerk of Court that his Notice Of Appeal appeared to be untimely, thus leading to the two pending motions.

2.     **F.R.A.P. 4(a)(5)** allows a district court to extend time to file a notice of appeal, if a party "so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," upon a showing of "excusable neglect or good cause."  The time prescribed under **Rule 4(a)** is thirty (30) days, and it had long since expired when plaintiff filed his motion.  The Court is, therefore, not empowered to extend plaintiff's time to file a notice of appeal pursuant to **F.R.A.P. 4(a)(5)**.

3.     The Court has also considered whether another provision of **Rule 4** would provide plaintiff the relief he seeks.  **F.R.A.P. 4(a)(6)** allows a district court to "reopen the time to file an appeal for 14 days after the date when its order to reopen is entered" upon the satisfaction of three conditions:

\*     the Court finds that the affected party did not receive notice under **F.R.C.P. 77(d)** of the entry of judgment within 21

-2-

days;

* the motion is filed either within 180 days after entry of the judgment or within 7 days after receiving notice under Rule 77(d), whichever is earlier; and

* the Court finds that no party would be prejudiced.

The only document from which an appeal lies is this Court's Order adopting the R&R, which was filed on June 21, 2006. In response to questions propounded to plaintiff by Order dated December 14, 2006, plaintiff indicated that he learned of the Order adopting the R&R when he received a copy of the docket from the *pro se* law clerk, who wrote and informed him of the dismissal of his case. The docket indicates that this letter was sent on June 26, 2006, and the Court finds that plaintiff had received it by November 8, 2006, because that is the date on which he prepared his Notice Of Appeal. The motion seeking an extension of time to appeal was filed on November 27, 2006. This date is more than seven days after plaintiff received notice of the R&R, and is earlier than 180 days after entry of the R&R. The Court is thus not authorized to reopen the time to file a notice of appeal pursuant to **F.R.A.P. 4(a)(6)**.

4. **F.R.C.P. 60(b)** is not applicable to this situation. See **Zimmer St. Louis, Inc. v. Zimmer Co.**, **32 F.3d 357 (8th Cir. 1994)**. Document #37 will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motions identified

-3-

as document #36 and document #37 are **denied.**

**IT IS SO ORDERED.**

**    /s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**